Filed 2/18/21  P. v. Shepherd CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                    v.<br><br>CAMERON SHEPHERD,<br><br>        Defendant and Appellant. | A160232<br><br>(Solano County<br>Super. Ct. No. FCR335753) |

I.

On February 14, 2018, the Solano County District Attorney filed a felony complaint charging Cameron Shepherd, an inmate housed in a state prison facility, with possessing illegal substances in a jail facility (Pen. Code, § 4573.6), to wit, heroin, methamphetamine, and marijuana.

After pleading not guilty, Shepherd withdrew his initial plea and pleaded no contest to possessing marijuana in a jail facility (Pen. Code, § 4573.6) in exchange for a maximum of four years in state prison and a recommendation of the low term of two years in state prison.  On the same day, the court sentenced appellant to the low term of two years in state prison for possessing an illegal substance in a jail facility (Pen. Code, § 4573.6).  The court imposed various fines and fees but stayed them.

1

On November 20, 2019, Shepherd filed a petition pursuant to the procedure established by Proposition 64 to have his conviction dismissed. (Health & Saf. Code, § 11361.8, subd. (a).) The People filed an opposition. The court entertained argument at a hearing and denied relief. This appeal followed.

Shepherd contends that his conviction for illegally possessing marijuana in prison in violation of Penal Code section 4573.6 should have been dismissed because Proposition 64 legalized possession of marijuana under certain conditions for the general public and did not specifically except provision possession by prisoners. (Health & Saf. Code, § 11362.1.) The savings clause in Health and Safety Code section 11362.45, subdivision (d), however, did enact a carve-out that addresses prisoners. Specifically, it states that Health and Safety Code section "11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis" in prison. (Health & Saf. Code, § 11362.45, subd. (d).)

The question Shepherd raises is whether "[l]aws pertaining to smoking or ingesting cannabis" include possession of cannabis. He relies on the Third District's opinion in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted Aug. 21, 2019, S256978 (*Raybon*), which holds that it does not. The trial court chose to follow the opinion from our First District, Division Two colleagues in *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*), which concluded that it does. We, too, shall follow *Perry*.

## II.

In November 2016, the voters passed Proposition 64, also known as the "Control, Regulate and Tax Adult Use of Marijuana Act," which reduced or eliminated certain offenses involving marijuana. (Prop. 64, approved by voters, Gen. Elec. (Nov. 8, 2016).) Proposition 64 amended division 10 of the

2

Health and Safety Code by removing prohibitions on adults possessing less than an ounce (28.5 grams) of cannabis. (Health & Saf. Code, § 11362.1, subd. (a).) Proposition 64 also expressly declared it to be "lawful under state and local law" for people 21 and older to possess 28.5 grams or less of cannabis. (*Ibid*.) But it did not "amend, repeal, affect, restrict, or preempt" any "[l]aws pertaining to smoking or ingesting cannabis or cannabis products" in state prisons and similar custodial institutions. (Health & Saf. Code, § 11362.45, subd. (d).)

The panel in *Perry*, *supra*, 32 Cal.App.5th 885, held that "Proposition 64 did not affect existing prohibitions against the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section 4573.6." (*Id*. at p. 890.) *Perry* noted that Health and Safety Code section 11362.1, as added by Proposition 64, does not amend or affect laws pertaining to smoking or ingesting cannabis in prisons. (*Perry*, at p. 891.) While recognizing that the statute does not expressly refer to "possession" of cannabis, *Perry* found that the broad wording of " '[l]aws *pertaining* to smoking or ingesting' " implicitly includes possession of cannabis, which is directly related—indeed necessary—to smoking and ingesting the substance, particularly in custody. (*Id*. at pp. 891–892, italics added by *Perry*; Health & Saf. Code, § 11362.45, subd. (d).)

Accordingly, the *Perry* court found that Proposition 64's statutory language demonstrated a general intent to "maintain the status quo with respect to the legal status of cannabis in prison." (*Perry*, *supra*, 32 Cal.App.5th at p. 893.) *Perry* found further support in the voter information guide, which made no reference to cannabis possession in prison. (*Id*. at p. 895.) Thus, *Perry* concluded that cannabis remains a controlled

3

substance under Health and Safety Code division 10 and cannabis possession remains prohibited in penal intuitions.  (*Perry*, at p. 896.)

The panel in *Raybon*, *supra*, 36 Cal.App.5th 111, by contrast, found that "possession of less than an ounce of cannabis in prison is no longer a felony."  (*Id.* at p. 113.)  While *Perry* broadly interpreted the language prohibiting " '[l]aws pertaining to smoking or ingesting cannabis' " to include possession, *Raybon* reasoned that the absence of an explicit reference to possession indicated that it was not included in the exception.  (*Id.* at pp. 115–116; Health & Saf. Code, § 11362.45, subd. (d).)  The *Raybon* panel concluded that Health and Safety Code section 11362.1, by its plain terms, decriminalized the possession of a small amount of cannabis by those who are incarcerated.  (*Raybon*, at p. 126.)

We agree with *Perry* and with two other panels following it in published opinions.  (*People v. Whalum* (2020) 50 Cal.App.5th 1; *People v. Herrera* (2020) 52 Cal.App.5th 982.)  The act of possession fits within the ambit of proscriptive "laws pertaining to smoking or ingesting" cannabis.  (Health & Saf. Code, § 11362.45, subd. (d).)  Possession is a feature of, a part of, or related to smoking or ingesting cannabis.  (See *Perry*, *supra*, 32 Cal.App.5th at p. 891 ["We would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance"].)  Along with the panels in *Perry*, *Whalum* and *Herrera*, we therefore conclude that Health and Safety Code section 11362.45, subdivision (d), carves out marijuana possession by prison inmates from the decriminalization provision of Health and Safety Code section 11362.1.

# DISPOSITION

The trial court's order denying Shepherd's petition for dismissal of his Penal Code section 4573.6 conviction is affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.